**Germain GOLO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70127.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Louis A. Gordon, Los Angeles, CA, for Petitioner.

David B. Gardner, Esq., Law Offices of David B. Gardner, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Leslie Cayer Ohta, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Germain Golo, a native and citizen of the Ivory Coast, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of his application for suspension of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), partial jurisdiction is conferred by 8 U.S.C. § 1105a(a). We review de novo questions of law and due process claims in deportation proceedings. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We dismiss in part, and deny in part the petition for review.

** This disposition is not appropriate for publication and may not be cited to or by the

■ Petitioner's contention that the IJ applied the incorrect standard for "extreme hardship" fails because he does not raise a colorable due process challenge on these facts, *see Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity"). To the extent Petitioner seeks to directly challenge the IJ's hardship finding, we lack jurisdiction over his claim because the IJ's determination involves an exercise of discretion not subject to judicial review. *See Kalaw*, 133 F.3d at 1152.

Petitioner's contention that the IJ violated his due process rights by failing to properly advise him of his rights at his hearing was not raised before the BIA. Because "we may not entertain due process claims based on correctable procedural errors unless the alien raised them below," we lack jurisdiction to consider this legal claim. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir.2002).

■ Petitioner's contention that the IJ violated his due process rights by failing to question him with regard to his eligibility for asylum relief also lacks merit, because he freely testified before the IJ that the political situation in his country was "okay," and that he was "no longer afraid of back home." *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (holding that Petitioner must demonstrate that the alleged violation affected the outcome of the proceedings to prevail on a due process challenge).

Petitioner's contention that the BIA violated his due process rights by failing to discuss the IJ's opinion is without merit. *See Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995) (approving the BIA's practice of adopting IJ's decision without issuing a separate opinion where

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

IJ's reasoning is sufficient to support BIA's conclusion).

Finally, the BIA did not violate Petitioner's due process rights by declining to consider the evidence he sought to append to the record, because the new evidence was not properly submitted to the BIA as a motion to reopen. Absent the appropriate motion, the BIA is precluded from considering new evidence on appeal. 8 C.F.R. § 1003.1(d)(3)(iv) ("... the Board will not engage in factfinding in the course of deciding appeals. A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand").

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Petitioner's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.